# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ELIAS ANAISSIE** | : CIVIL ACTION NO. |
| c/o Jacobs, Kleinman, Seibel & McNally | : |
| 30 Garfield Place, Suite 905 | : JUDGE: |
| Cincinnati, OH 45202 | : MAGISTRATE: |
| Plaintiff | : |
| vs. | : **COMPLAINT WITH JURY DEMAND** |
| **UNIVERSITY OF CINCINNATI PHYSICIANS, INC.** | : |
| c/o Lori Mackey, Statutory Agent | : |
| 222 Piedmont Avenue, Suite 1200 | : |
| Cincinnati, OH 45219 | : |
| Defendant | |

Now comes Plaintiff, by and through counsel, and for his Complaint against the Defendant hereby states as follows:

## I. THE PARTIES

1. Plaintiff is a citizen of the State of Ohio residing in Hamilton County. Plaintiff is an employee as that term is defined under the Americans With Disabilities Act ("ADA") 42 U.S.C. § 12111(4) and Title VII 42 U.S.C. § 2000e(f).

2. Defendant University of Cincinnati Physicians, Inc. ("UC Physicians") is a corporation organized and existing under the laws of the State of Ohio. UC Physicians is an employer as that term is defined under 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and Ohio Revised Code §§ 4112.01, *et seq.*

## II. JURISDICTION AND VENUE

3. Jurisdiction over this action is based upon the court's federal question jurisdiction as set forth in 28 U.S.C. § 1331 because the matter in controversy involves issues that arise under 42 U.S.C. §§ 12101, *et seq.* and § 12117. Jurisdiction also exists under Title VII 42 U.S.C. § 2000e-5(f)(3). Jurisdiction over Plaintiff's state law claims rests on this Court's pendent jurisdiction 28 U.S.C. § 1367.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and the Defendant does business in this judicial district.

## III. THE FACTS

5. Plaintiff is a physician.

6. Plaintiff is a qualified individual as that term is defined under 42 U.S.C. § 12111(8). Plaintiff is also of Middleastern ancestry.

7. In February 2012, Plaintiff was offered a position in the Department of Internal Medicine of the University of Cincinnati Physicians, Inc. ("UCP"). He was appointed as the Director of the Hematological Malignancies and Bone Marrow Transplantation Program of the Division of Hematology/Oncology and the UC Cancer Institute.

8. Plaintiff accepted this position.

9. On or about March 2012, Plaintiff entered into a written agreement with UCP and was later appointed to the faculty of the University of Cincinnati on June 1, 2012.

10. During the period of his employment, Plaintiff performed his job duties in a capable and competent manner.

11. Under the ADA, Plaintiff had a disability, was perceived by his employer as having a disability, and had a record of disability. This disability affected his major life activities of sleeping, concentration and work.

12. On March 4, 2014, Plaintiff was unlawfully ordered by his employer to undergo a fitness for duty evaluation without any just cause. Plaintiff completed that evaluation under protest.

13. Plaintiff sought counsel relating to this issue as was his right under the ADA.

14. Subsequently, Plaintiff received a letter on March 18, 2014 terminating his employment with UCP which resulted in his dismissal as a faculty member at the University of Cincinnati.

## IV.  CAUSES OF ACTION

### Count One
### Termination In Violation Of The ADA

15. Plaintiff realleges the allegations contained in paragraphs 1 through 14 as if fully written herein.

16. Plaintiff's termination was a violation of the ADA and specifically 42 U.S.C. § 12112.

17. As a direct and proximate result of Defendant's unlawful actions, Plaintiff is entitled to all relief as provided under the ADA.

### Count Two
### Failure To Accommodate

18. Plaintiff realleges the allegations contained in paragraphs 1 through 17 as if fully written herein.

19. During the course of Plaintiff's employment, he asked the Defendant to accommodate his disability. The accommodation he requested included modifying his direct

3

reports supervisory methods, reassigning his supervisor, and reassigning Plaintiff to a vacant position.

20. The Defendant denied Plaintiff's requests for a reasonable accommodation.

21. As a direct and proximate result of Defendant's failure to deny Plaintiff's request for a reasonable accommodation, Defendant has violated the ADA.

### Count Three
### Unlawful Medical Examination

22. Plaintiff realleges the allegations contained in paragraphs 1 through 21 as if fully written herein.

23. Pursuant to 42 U.S.C. § 12111(d)(4)(A), the ADA prohibits an employer from requiring a medical examination unless the examination is shown to be job related and consistent with business necessity.

24. Defendant had no reasonable belief based on objective evidence that the Plaintiff's ability to perform the essential functions of his job was impaired by his medical condition or that he posed a direct threat to himself or others.

25. The Defendant's demand that Plaintiff undergo a fitness for duty exam is a violation of the ADA to which Plaintiff is entitled to damages.

### Count Four
### Retaliation Under The ADA

26. Plaintiff realleges the allegations contained in paragraphs 1 through 25 as if fully written herein.

27. In response to Defendant's requirement that Plaintiff undergo an unlawful fitness for duty examination, Plaintiff sought the assistance of counsel. Plaintiff informed Defendant that he was seeking counsel to assist him with respect to the Defendant's requirement that he undergo a fitness for duty exam.

28. Subsequent to becoming informed that Plaintiff had retained counsel with respect to his rights under the ADA, the Defendant terminated the Plaintiff in violation of 42 U.S.C. § 12203.

29. As a result of the Defendant's unlawful retaliation, Plaintiff is entitled to all damages as set forth under the ADA.

## Count Five
## Termination In Violation Of Title VII

30. Plaintiff realleges the allegations contained in paragraphs 1 through 29 as if fully written herein.

31. Plaintiff states that his termination occurred in part because of his Middleastern ancestry.

32. The actions of the Defendant are a violation of Title VII. Plaintiff requests all damages to which he is entitled under Title VII.

## Count Six
## Handicap Discrimination In Violation Of Ohio Law

33. Plaintiff realleges the allegations contained in paragraphs 1 through 32 as if fully written herein.

34. The actions identified herein by the Defendant as it relates to its discrimination against Plaintiff because of his disability are also a violation of Ohio law under 42 U.S.C. §§ 4112.02(A) and 4112.99. Defendant discriminated against Plaintiff because of his handicap.

35. As a result of Defendant's unlawful conduct, Plaintiff is entitled to all damages as set forth under O.R.C. § 4112.99.

## Count Seven
## National Origin Discrimination In Violation Of Ohio Law

36. Plaintiff realleges the allegations contained in paragraphs 1 through 35 as if fully written herein.

37. The actions identified herein by the Defendant as it relates to Plaintiff's national origin are also a violation of Ohio law under O.R.C. 4112.02(A) and 4112.99.

38. As a result of Defendant's unlawful conduct, Plaintiff is entitled to all damages as set forth under O.R.C. § 4112.99.

39. On or about June 27, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. A true and accurate copy of the charge is attached hereto as Exhibit "A" and incorporated by reference.

40. On or about August 3, 2015, Plaintiff, through counsel, received a copy of a right to sue letter, a copy of which is attached hereto as Exhibit "B" and incorporated by reference.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount to be determined at trial, but believed to be in excess of $100,000, for back pay, front pay, liquidated damages, compensatory damages, costs and reasonable attorneys fees.

    RESPECTFULLY SUBMITTED,

/S/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Plaintiff
Cincinnati Club Building
30 Garfield Place, Suite 905
Cincinnati, OH 45202
Phone: (513) 381-6600
Fax: (513) 381-4150
Email: mbyrne@jksmlaw.com

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues herein.

/s/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
Attorney for Plaintiff