IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Elias Anaissie, | ) |
|            Plaintiff, | ) Case No. 1:15-CV-701 |
| vs. | ) |
| University of Cincinnati Physicians, Inc., | ) |
|            Defendant. | ) |

O R D E R

This matter is before the Court on Defendant University of Cincinnati Physicians, Inc.'s motion to dismiss Counts Five and Seven of Plaintiff's Complaint. Doc. No. 10. For the reasons that follow, Defendant's motion to dismiss is well-taken and is **GRANTED.**

I. Background

For purposes of the pending motion, the Court accepts the following factual allegations from the complaint as being true.

Plaintiff Elias Anaissie is a physician of Middle Eastern origin. Complaint ¶¶ 5, 6. He is also a "qualified individual" within the meaning of the Americans With Disabilities Act. Id. ¶ 6. Plaintiff also has a disability, was perceived as having a disability, or has a record of having a disability. Id. ¶ 11. In February 2012, Defendant University of Cincinnati Physicians, Inc. ("UCP") hired Plaintiff as the Director of Hematological Malignancies and Bone Marrow Transplantation Program. Id. ¶ 7. He also became a member of the

University of Cincinnati faculty. Id. ¶ 9. Plaintiff performed all of his duties in a capable and competent manner. Id. ¶ 10.

In March 2014, UCP required Plaintiff to undergo a fitness for duty evaluation without any just cause. Complaint ¶ 12. He completed the evaluation under protest. Id. Plaintiff sought the advice of counsel. Id. ¶ 13. UCP terminated Plaintiff on March 18, 2014. Id. ¶ 14. UCP's termination of Plaintiff also resulted in his dismissal from the faculty of the University of Cincinnati. Id.

Plaintiff filed a complaint with the EEOC alleging that he was terminated because of his age, disability, and Middle Eastern ancestry. Complaint Ex. A. Plaintiff received a right-to-sue letter from the EEOC in July 2015. Complaint Ex. B.

Plaintiff filed an employment discrimination complaint against UCP in October 2015. Count One alleges that UCP terminated Plaintiff in violation of the Americans With Disabilities Act ("ADA"). Count Two alleges that UCP violated the ADA by failing to accommodate Plaintiff's disability. Count Three alleges that UCP violated the ADA by requiring Plaintiff to take an unlawful medical examination. Count Four alleges that UCP violated the ADA by retaliating against him for seeking legal counsel. Count Five alleges that UCP violated Title VII of the Civil Rights Act of 1964 by terminating Plaintiff "in part because of his Middle Eastern ancestry." Complaint ¶ 31. Count Six alleges that UCP violated the Ohio Civil Rights Act by terminating Plaintiff because of his disability. Finally, Count Seven alleges that UCP violated the Ohio Civil Rights Act by terminating Plaintiff because of his national origin.

UCP now moves to dismiss Plaintiff's national origin discrimination claims in Counts Five and Seven for failure to state claims for relief. UCP argues that Plaintiff's national

origin discrimination claims provide no factual detail and are too conclusory to state claims for relief. Plaintiff thinks that his national origin counts state claims for relief but asks the Court to grant him leave to amend his complaint in the event the Court concludes that these claims are deficiently pled. Plaintiff, however, has not submitted a proposed amended complaint for the Court to evaluate.

## II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however,

are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

### III. Analysis

The Court agrees with UCP that Plaintiff has made only conclusory allegations of national origin discrimination. His complaint alleges only that he is of Middle Eastern ancestry and that he was terminated although he was performing his duties capably. Those bare allegations, however, are insufficient to plausibly infer that UCP terminated Plaintiff in part because of his national origin. Cf. Downs v. Bel Brands USA, Inc., 613 Fed. Appx. 515, 519 (6th Cir. 2015) (bare allegation that defendant terminated plaintiff "due to his age" insufficient to state claim for age discrimination); Han v. University of Dayton, 541 Fed. Appx. 622, 626-27 (6th Cir. 2013) (plaintiff failed to plead plausible claims for race and gender discrimination where he alleged only his race and gender, that he was given a bad evaluation, and fired by employer). Accordingly, UCP is entitled to dismissal of Counts Five and Seven.

Plaintiff's request for leave to amend the complaint without tendering the proposed amended complaint for the Court to review is improper. Plaintiff is not entitled to an advisory opinion on the defects in his complaint. Accordingly, Plaintiff's request to amend the complaint is denied. Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP, 622 F3d

471, 485-86 (6th Cir. 2010); Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 783-87 (6th Cir. 2000).

## Conclusion

For the reasons stated herein, Defendant's motion to dismiss Counts Five and Seven of Plaintiff's complaint is well-taken and is **GRANTED.** Those Counts are **DISMISSED WITH PREJUDICE.**

 **IT IS SO ORDERED**

Date February 22, 2016                    s/Sandra S. Beckwith
                                          Sandra S. Beckwith
                                          Senior United States District Judge