UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ELIAS ANAISSIE** | : | Civil Action No.: 1:15-cv-00701 |
| **Plaintiff** | : | |
| | : | **Judge Michael R. Barrett** |
| vs | : | **Magistrate Judge Litkovitz** |
| **UNIVERSITY OF CINCINNATI** | : | **ORDER** |
| **PHYSICIANS, INC.** | : | |
| **Defendant** | : | |

This matter is before the Court on Defendant's Motion to Dismiss for Want of Prosecution, Failure to Cooperate During Discovery and Failure to Appear for Deposition; Motion for Reconsideration of Order Denying Defendant's Motion to Compel and Motion to Compel Deposition. (Doc. No. 32, Page ID 123). Plaintiff has responded (Doc. No. 32, Page ID 148 and Defendant has replied. (Doc. No. 40, Page ID 221). Also before the Court is Plaintiff's Motion to Extend Discovery Deadline for Forty-Five (45) Days (Doc. No. 33, Page ID 139), to which Defendant has responded. (Doc. No. 34, Page ID 142) and Plaintiff has replied (Doc. No. 35, Page ID 146). For the reasons set forth below, all pending motions are DENIED. Pursuant to the status conference held on this matter on June 27, 2017, new calendar dates have been established.

**FACTUAL BACKGROUND**

The underlying dispute in this case concerns Elias Anaissie's (Anaissie) allegations of ADA discrimination during his employment with Defendant, University Physicians, Inc. (UCP). The facts relevant to the dispute currently under consideration concern around the

communications between counsel for the parties concerning discovery and the actions of the Plaintiff. The parties dispute the extent to which they have cooperated to comply with discovery requests, document production, and availability of the Plaintiff for his deposition.

This matter was initiated on October 30, 2015. On March 21, 2016, the Court entered a calendar order that set the discovery deadline for December 1, 2016, and established the other dates and deadlines for the case, as is customary of the Court. (Doc. No. 19). Over the following months, discovery requests were exchanged by both parties. Defendant states that it first served Plaintiff's discovery requests on March 14, 2016. (Doc. No. 32, PageID 126). Defendant further claims that despite many communications and promises, no responses were received until November 15, 2016. Only the written responses were served and no responsive documents were served at that time. (Id). After further unsuccessful extra judicial attempts to have Plaintiff produce the requested documents, Defendants filed a Motion to Compel on November 23, 2016. (Id. at 127).

Also during this time, on November 1, 2016, Defendant had noticed Plaintiff's deposition for November 29, 2016. (Id). Defendant argues that although Plaintiff continued to come up with excuses for not producing the written responses, the deposition would proceed with or without the documents. (Id. at 128). Plaintiff suggested an extension of the discovery deadline but Defendant declined. Thereafter, it was indicated that Plaintiff might not be able to appear for the deposition. (Id). A few days later, Defendant was informed that Plaintiff had been injured, was on medication and would not be able to be deposed. (Id). Despite requests for verification of the injury and medication, none was received. (Id. at 129). Plaintiff did not appear for his deposition on this date. (Id).

Plaintiff disagrees with UCP's facts and provides additional information regarding the delays in responding to the discovery and the reasons for needing a continuation of the deposition. It was learned in late March or early April of 2016, shortly after UCP's first requests were received, that Plaintiff's son had committed suicide and that additional time would be needed to respond to the discovery. (Doc. No. 36, PageID 150). At that time, the parties agreed upon an extension of unspecified duration, with the understanding that Plaintiff would not serve any formal discovery upon UCP until after it had received responses and documents to the outstanding discovery requests. (Id).

The matter progressed with a status conference on June 21, 2016, and again on September 7, 2016. A settlement conference was set before Magistrate Judge Bowman for November 21, 2016. (Doc. No. 26). Plaintiff's counsel was thereafter informed that Plaintiff was involved in a domestic dispute, which caused further delay in collecting the requested information. (Id. at 151).

On November 15, 2016, answers and responses were served on Defendants and Plaintiff's counsel advised that additional documents were forthcoming. (Id). Plaintiff claims that there was a significant amount of documents that required a lot of time to prepare for production, which was not expected because counsel for Defendant had represented that there was not much ESI involved. (Id). An unsuccessful settlement conference was held on November 21, 2016. (Id). Two days later, on November 23, 2016, Defendant filed a Motion to Compel. (Id., Doc. No. 27).

Plaintiff's deposition, which did not occur, was scheduled for November 29, 2016. Plaintiff claims he was injured over the Thanksgiving holiday and would not be able to

participate in the deposition. (Doc. No. 36, PageID 152). Defendant would not agree to a continuation of the deposition date and filed a Motion for a Protective Order. (Id; Doc. 31).

On November 29, 2016, Defendant's Motion to Compel and Plaintiff's Motion for a Protective Order were denied by Magistrate Judge Litkovitz. (Doc. No. 31). Magistrate Judge Litkovitz held that the parties had not complied with the Court's standing order to resolve discovery disputes by extra judicial means. Fed. R. Civ. Pro. 37(a)(1); S.D.Ohio Civ. R. 37.1.

On November 30, 2016, Defendant filed the instant Motion (Doc. No. 32) and on December 1, 2016 Plaintiff filed a Motion for Extension of Time. (Doc. No. 33). Plaintiff partially produced the documents on December 1, 2016, and on December 7, 2016. There were approximately 12,000 pages of ESI produced in total. (Doc. No. 36, PageID 151).

Thereafter, this matter was transferred to the undersigned on January 4, 2017. A status conference was held on February 3, 2017, and on June 7, 2017 the final pre-trial conference was converted to a telephone status conference, which was held on June 27, 2017. Counsel for Plaintiff did not appear for the telephone status conference.

**ANALYSIS**

The crux of the current motions is Defendant's assertion that the discovery delays are disingenuous and excessive which warrants dismissal. Plaintiff responds that the reasons for the delays were sincere and justifiable, that Defendant's representations of the volume of the document production were inaccurate and caused further delay, and that Defendant was informed of the progress throughout the process.

Dismissal is an extreme sanction for complications and delays in discovery and is to be employed in exceptional circumstances only. Carpenter v. City of Flint, 723 F.3d 700, 704 (6th

Cir. 2013). Whether a case is to be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) is guided by four factors:

1) whether the party's failure is due to willfulness, bad faith, or fault;
2) whether the adversary was prejudiced by the dismissed party's conduct;
3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;
4) and whether less dramatic sanctions were imposed or considered before dismissal of the action.

Saulsberry v. Holloway, 622 Fed. Appx. 542, 545 (6th Cir. 2015).

The Court finds that, at this point in the litigation, the extreme sanction of dismissal is not warranted when considering the factors required by the Sixth Circuit. Therefore, the Court will DENY Defendant's motions and has entered schedule to effectuate the completion of discovery. However, Plaintiff is hereby notified that the failure to cooperate in discovery may result in sanctions, including dismissal of this action. *Accord Harmon v. CSX Transp., Inc*., 110 F.3d 364, 366 (6th Cir. 1997).

WHEREFORE it is so ORDERED that:

1). Defendant's Motion to Dismiss (Doc. No. 32) is DENIED;

2). Defendant's Motion for Reconsideration (Doc. No. 32) is DENIED AS MOOT;

3). Plaintiff's Motion to Extend Discovery for Forty-Five Days (Doc. No 33) is DENIED AS MOOT.

IT IS SO ORDERED.

                                                       */s/ Michael R. Barrett*
                                                       Judge Michael R. Barrett